UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDREW GAYOT,

                              Plaintiff,

        v.

WYOMING COUNTY, et al.,

                              Defendants.
_____

                        REPORT & RECOMMENDATION

                        21-CV-6689EAW

Pending before this Court for report and recommendation is a motion by defendants seeking dismissal of plaintiff's complaint pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, as a result of his alleged refusal to appear for his scheduled deposition. (Docket ## 21, 22). Defendants filed the pending motion on February 12, 2024. (Docket # 21). The Court issued a motion scheduling order setting a deadline of March 11, 2024 for plaintiff Andrew Gayot ("Gayot" or "plaintiff") to respond. (Docket # 23). No response was filed.

Defendants maintain that they mailed a notice of deposition to plaintiff on January 9, 2024, scheduling a virtual deposition to occur on February 8, 2024. (Docket ## 21-2, 21-3). According to Assistant Attorney General John Marsella, counsel for defendants, his office arranged for a stenographer for the deposition and confirmed the deposition schedule with staff at Green Haven Correctional Facility – the facility where plaintiff was incarcerated. (Docket # 21-2 at ¶¶ 6-7). Marsella appeared virtually for the deposition as scheduled, but plaintiff did not appear. (*Id.* at ¶¶ 8-10). Marsella contacted the facility, and facility staff informed him that Gayot refused to leave his cell to attend the deposition. (*Id.* at ¶¶ 10, 12).

According to Marsella, he requested that staff at the facility provide him with written confirmation that Gayot refused to leave his cell for the deposition. (*Id.* at ¶ 12). On February 9, 2024, Marsella received a handwritten letter, which stated as follows:

> I refused to go to my legal callout in Admin because I did not know it was a legal callout. By the time I was informed it was a legal callout it was too late to attend. I will attend the callout when it is rescheduled.

(Docket ## 21-2 at ¶ 13; 21-4). The letter was signed by Gayot. (Docket # 21-4).

Defendants now request that Gayot's complaint be dismissed in its entirety pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure based upon Gayot's refusal to attend the scheduled deposition. (Docket # 21). Alternatively, defendants request that the Court issue an Order to Show Cause, an Order compelling Gayot to appear for deposition, and a thirty-day extension of the scheduling order. (*Id.*).

Rule 37(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court . . . may issue further just orders[,] . . . [including orders] . . . dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, Rule 37(d) provides that a court may dismiss an action if a party fails to attend a deposition of that party. *See* Fed. R. Civ. P. 37(d). Also relevant to this motion, Rule 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962).

"All litigants, including *pro ses*, have an obligation to comply with court orders," and, although *pro se* litigants are generally entitled to "special solicitude," they "are not immune to dismissal as a sanction for noncompliance with discovery orders." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotations and brackets omitted).

2

Rather, "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Mod. Art*, 29 F.3d 47, 50 (2d Cir. 1994). Nevertheless, "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds 'willfulness, bad faith, or any fault' by the non-compliant litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d at 302 (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991)).

In evaluating the propriety of sanctions, including dismissal, a court should consider several factors including:

1. the willfulness of the non-compliant party or the reasons for noncompliance;
2. the efficacy of lesser sanctions;
3. the duration of the period of noncompliance[;] and
4. whether the non-compliant party had been warned of the consequences of … noncompliance.

*See Agiwal*, 555 F.3d at 302-03 (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)). Generally, "[a] persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith, or fault by the noncompliant party." *Peña v. Chocolate*, 2012 WL 3957474, *3 (S.D.N.Y. 2012) (internal quotations omitted). Indeed, "dismissal pursuant to Rule 37 is appropriate 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction.'" *Agiwal*, 555 F.3d at 303 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Here, the record demonstrates that Gayot refused to leave his cell when called out to attend his virtual deposition. Nevertheless, Gayot's letter suggests that he was not aware that the purpose of the call-out was for a legal matter, and he has indicated that he will attend a rescheduled deposition. (Docket # 21-4). In my estimation, this record does not demonstrate that Gayot has engaged in a pattern of noncompliant behavior warranting severe sanctions or that Gayot's compliance cannot be achieved through sanctions less drastic than dismissal. *See*, *e.g.*, *Mercado v. Div. of N.Y.S. Police*, 989 F. Supp. 521, 524 (S.D.N.Y. 1998) ("[a]lthough [dismissal with prejudice] may be imposed even on *pro se* litigants, . . . the Second Circuit has cautioned district courts to exercise particular restraint when considering the imposition of sanction on *pro se* litigants[;] . . . [plaintiff's] misconduct was not so extreme as to warrant dismissal, and there are clearly less drastic measures to rectify the situation"); *Clemmons v. Veterans Admin.*, 1986 WL 567, *1 (E.D.N.Y. 1986) ("it is just barely conceivable that [*pro se* plaintiff] did not understand that the magistrate ruled that her case would be dismissed if she did not attend the deposition[;] . . . [t]he court will therefore afford plaintiff one more chance to appear and be deposed").

Moreover, the Second Circuit has cautioned that dismissal should not be ordered where the litigant has not been warned that his conduct could result in the termination of his claims or defenses. *See*, *e.g.*, *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) ("[w]hile a court is ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal") (internal quotations and citations omitted); *Valentine v. Museum of Mod. Art*, 29 F.3d at 50 ("[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning

4

has been given that noncompliance can result in dismissal"). Consistent with this settled authority, motions seeking a sanctions order of dismissal on the grounds that the *pro se* litigant did not appear for a noticed deposition are routinely denied where the litigant had not been warned in advance that non-appearance could result in dismissal. *See*, *e.g.*, *United States v. $7,877.61 United States Currency*, 2015 WL 1280603, *3 (W.D.N.Y. 2015) ("the [c]ourt is constrained by controlling authority to deny plaintiff's request at this time for an order striking claimant's answer" as a sanction for the claimant's failure to appear for deposition); *Velazquez v. Vermont Dep't of Corr.*, 2009 WL 819445, *2 (D. Vt. 2009) (declining to order dismissal where *pro se* plaintiff failed to appear for deposition or respond to written discovery requests but "ha[d] not yet been warned that his failure to participate in discovery might result in the dismissal of his case"); *Burke v. Miron*, 2009 WL 952097, *1 (D. Conn. 2009) ("defendants note, correctly, that [*pro se*] plaintiff is a prolific and experienced litigator in this district[;] [n]onetheless, in light of the Second Circuit precedent requiring a clear warning to *pro se* litigants in such circumstances, the court recommends that the defendants' motion to dismiss be denied"). In this case, Gayot has not been so warned. Nor is there any evidence to which defendants point to demonstrate that Gayot has engaged in other allegedly obstructive, dilatory or bad faith conduct during the course of this litigation. *See*, *e.g.*, *Agiwal*, 555 F.3d at 302-03 (in evaluating appropriateness of sanctions, including dismissal, a court should consider, *inter alia*, "the duration of the period of noncompliance"). Under these circumstances, this Court recommends that the district court deny defendants' motion without prejudice to renewal in the event that Gayot does not appear for a rescheduled deposition.

        The Court has every expectation that Gayot will appear for a properly rescheduled deposition and that the corrections officials at the facility in which he is incarcerated will

transport him or otherwise facilitate his availability for a deposition without incident. Assistant Attorney General Marsella is directed to notify this Court of the date and time of the rescheduled deposition and to telephone chambers immediately in the event that Gayot does not appear so that the Court may have the opportunity to address the issue at the time.

The New York State Department of Corrections and Community Supervision ("DOCCS") inmate locator website suggests that Gayot is now incarcerated at the Auburn Correctional Facility. The DOCCS website does not indicate when Gayot was transferred to Auburn, and thus it is unclear whether he was transferred before or after copies of the defendants' motion and the Court's motion scheduling order were mailed to him at Green Haven Correctional Facility. Of course, it is plaintiff's responsibility to keep the Court apprised of his current mailing address, *see* W.D.N.Y. Loc. R. Civ. P. 5.2(d), and if plaintiff has indeed been transferred to a new facility, he must immediately inform the Court of his current mailing address. **Failure to do so may result in the dismissal of the case, with prejudice**. *See id.* Nevertheless, the Court will mail a copy of this Report and Recommendation to Gayot's address of record, as well as to the Auburn Correctional Facility.

On this record, I recommend that the district court deny defendants' motion for dismissal **(Docket # 21)**. Counsel for defendants shall advise this Court by no later than **May 7, 2024** of the date and time for plaintiff's rescheduled deposition. The Court grants defendants' alternative request for an extension of the scheduling order and will issue an amended schedule by separate order.

**Plaintiff Gayot is warned that any willful failure to appear for the rescheduled deposition will result in an order dismissing his action and entering judgment in favor of defendants, and imposing any other appropriate sanctions.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
April 23, 2024

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
        April 23, 2024